UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARCUS ANTHONY PENZA,

        Plaintiff,

      v.

CORPORAL STEVE BRUCE;
LINCOLN COUNTY JAIL,

        Defendants.

_____

Case No. 6:25-cv-01433-AA

**OPINION AND ORDER**

AIKEN, District Judge.

Plaintiff, a self-represented adult in custody (AIC), filed this civil rights action under 42 U.S.C. § 1983 and alleged that Corporal Bruce used excessive force against him at the Lincoln County Jail. Defendants now move for summary judgment on grounds that Plaintiff failed to exhaust available administrative remedies before filing suit. The record reflects that Plaintiff did

1 -    **OPINION AND ORDER**

not exhaust the grievance process at the Lincoln County Jail before filing this action, and Defendants' motion is GRANTED.

## DISCUSSION

At all relevant times, Plaintiff was a pretrial detainee at the Lincoln County Jail. Plaintiff alleges that on May 30, 2025, Corporal Bruce assaulted him and used excessive force after Plaintiff complained that he was not wearing gloves when dispensing medication. Compl. at 1, 3 (ECF No. 1-2). Although Plaintiff invokes the Fourth and Eighth Amendments, his claim is properly construed as an alleged violation of his due process rights under the Fourteenth Amendment. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (explaining that, under the Fourteenth Amendment's Due Process Clause, pretrial detainees have a right against jail conditions that "amount to punishment"). Defendants now move for summary judgment on grounds that Plaintiff failed to exhaust the Lincoln County Jail grievance process.

To prevail on their motion, Defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). Defendants must present evidence of record, together with affidavits, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If Defendants meet this burden, the burden shifts to Plaintiff to demonstrate the existence of a genuine issue of fact for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Court must construe the evidence and all reasonable inferences in favor of Plaintiff, the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court

**2 -     OPINION AND ORDER**

"does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec.*, 475 U.S. at 587 (citation and quotation marks omitted).

Under the Prison Litigation Reform Act (PLRA), AICs must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents.[1] *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires AICs to comply with the procedural and substantive elements of the prison administrative process before filing suit. *Woodford v. Ngo,* 548 U.S. 81, 85, 91 (2006) (stating that the PLRA exhaustion requirement requires "proper" exhaustion and compliance with "with an agency's deadlines and other critical procedural rules"); *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).

If the defendant shows that the plaintiff did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is

---

[1] Plaintiff initially filed suit in state court on July 3, 2025. Defendants were served on August 3, 2025, and they removed this action to federal court on August 13, 2025. Courts have found that the PLRA exhaustion requirement applies to § 1983 and other federal claims removed from state court. *See Hickox v. Fleegle*, 2025 WL 2938317, at *2 (W.D. Pa. Oct. 16, 2025); *Butler v. Stirling*, 2023 WL 5754089, at *8 (D.S.C. July 21, 2023), *report and recommendation adopted*, 2023 WL 5199681 (D.S.C. Aug. 14, 2023); *Daniels v. Baer*, 2021 WL 366815, at *1 (E.D. Cal. Feb. 3, 2021);  *Luong v. Segueira*, 2018 WL 1547122, at *5 (D. Haw. Mar. 29, 2018); *Sussman v. Metcalf*, 2016 WL 1211773, at *4 (N.D. Fla. Feb. 2, 2016), *report and recommendation adopted*, 2016 WL 1226805 (N.D. Fla. Mar. 28, 2016); *Claiborne v. Shockley*, 2008 WL 276573, at *1-2 (E.D. Cal. Jan. 30, 2008), *report and recommendation adopted*, 2008 WL 795573 (E.D. Cal. Mar. 24, 2008); *Alexander v. Walker*, 2003 WL 297536, at *2 (N.D. Cal. Feb. 10, 2003).

**3 -     OPINION AND ORDER**

something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010*)* (explaining that the PLRA does not require exhaustion when administrative remedies are "effectively unavailable"); *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (stating that an administrative remedy must be available "as a practical matter").

The Lincoln County Jail employs a five-step administrative grievance process that is outlined in the Lincoln County Jail In Custody Handbook. McDowall Decl. ¶¶ 5-6 & Ex. 101 at 8-9 (ECF No. 19). At Step 1, AICs must file a grievance with the medical department or with the specific staff person whose actions or conduct is being grieved. *Id.* Ex. 101 at 9. If the grievance is not resolved at Step 1, AICs may seek review from the shift Corporal at Step 2, from the shift Sergeant at Step 3, from the Jail Commander at Step 4, and finally, from the Sheriff at Step 5. *Id.* "The Sheriff's decision is final." *Id.*

Plaintiff did not complete Lincoln County Jail's grievance process regarding Corporal Bruce's alleged use of excessive force. McDowall Decl. ¶ 15. The record reflects that on May 31, 2025, Plaintiff filed a grievance complaining that on May 30, 2025, Corporal Bruce did not wear gloves when dispensing medication and when Plaintiff complained, Corporal Bruce twisted Plaintiff's arm and "slammed" him into the wall. *Id.* Ex. 102 at 53. Sergeant Gainer responded that the alleged incident "will be reviewed," and Plaintiff requested to speak with Sergeant Gainer "in person." *Id.* Plaintiff sought no further review of his grievance and did not complete the five-step process. *Id.* ¶¶ & Ex. 102 at 53.

Defendants emphasize that Plaintiff was aware of the grievance process and its relevant steps, as Plaintiff filed numerous grievances while at the Lincoln County Jail. *Id.* ¶¶ 7, 13-14 & Exs. 102-03. Defendants also note that they requested from Plaintiff the production of any

**4 -    OPINION AND ORDER**

grievances filed against Corporal Bruce, and Plaintiff responded that Defendants possessed all of Plaintiff's grievances. Matthews Decl. ¶¶ 2-5 & Ex. 105 at 1 (ECF No. 20).

On this record, Defendants have met their burden of showing that Plaintiff failed to exhaust available administrative remedies prior to filing suit. To defeat summary judgment, Plaintiff must present evidence showing that Lincoln County Jail's grievance process was effectively unavailable to him and prevented him from completing all steps of the process.

In response, Plaintiff argues that the grievance he filed against Corporal Bruce concerned only the failure to wear gloves, and that he should not be required to exhaust the grievance process for his claims of "assault and battery" because "it is absurd for a victim in a violent attack to be expected to navigate the grievance process for remediation." Pl.'s Response to Mot. Summ. J. at 2-4, 6 (ECF No. 24). However, Plaintiff's grievance clearly complained about Corporal Bruce's alleged use of force, and Plaintiff did not complete the grievance process. McDowell Decl. Ex. 102 at 53.

Further, regardless of the wisdom or fairness of the PLRA exhaustion requirement, it is a statutory prerequisite to filing suit "with respect to prison conditions under section 1983 of this title, or any other Federal law." 42 U.S.C. § 1997e(a). Because Plaintiff's Complaint alleged "excessive force" and invoked the Fourth and Eighth Amendments, the PLRA applies to his claims, even if construed under the Fourteenth Amendment. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); *Harvey v. Jordan*, 605 F.3d 681, 684 (9th Cir. 2010) (applying PLRA exhaustion requirement to claim of excessive force). Finally, Plaintiff did

5 -     **OPINION AND ORDER**

not object to Defendants' removal of this case to federal court and cannot now claim to have brought only state law claims of assault and battery.

In sum, Plaintiff fails to show that Lincoln County Jail's administrative grievance process was effectively unavailable to him, and he did not exhaust available administrative remedies before filing suit. Plaintiff's claims are therefore barred under the PLRA, and summary judgment is appropriate.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 18) is GRANTED and this action is DISMISSED.

IT IS SO ORDERED.

DATED this  13th  day of March, 2026.


                         /s/Ann Aiken
                         ANN AIKEN
                  United States District Judge

6 -    OPINION AND ORDER